**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| ELIZABETH SULLIVAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CPU4-21-004463 |
| JARAAD WATSON | ) | |
| And DARRELL STORY | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: March 17, 2023
Decided: May 16, 2023

Elizabeth Sullivan,
500 Delaware Ave. Ste. 1
P.O. Box 1403
Wilmington, DE 19899
*Self-represented Plaintiff*

Darrell Stroy
2700 N. Washington St.
Wilmington, DE 19802
*Self-represented Defendant*

Jaraad Watson
1307 Radford Road
Wilmington, DE 19803
*Self-represented Defendant*

**ORDER ON DAMAGES**
**AS TO DEFENDANT DARRELL STROY**

**Surles, J.**

Plaintiff Elizabeth Sullivan filed the present action against Defendants Darrell Stroy and Jaraad Watson (collectively, "Defendants") on December 30, 2021, seeking to recover for slander, malicious prosecution, abuse of process, and harassment. On June 6, 2022, Ms. Sullivan obtained a default judgment against Mr. Stroy for failure to file a responsive pleading, and the matter was scheduled for an inquisition hearing to determine damages.

The inquisition hearing was held on March 17, 2023. Ms. Sullivan was the only party to appear, and she submitted exhibits in support of her request for damages in the amount of $25,000.[1] At the conclusion of the hearing, the Court reserved decision. This is the Court's Final Decision and Order as to damages against Mr. Stroy.

## Facts and Procedural History

Ms. Sullivan's claims in the present case stem from, and are intertwined with, prior litigation between the parties; therefore, a brief account of the parties' historic legal dealings is pertinent to the Court's analysis of damages.

Ms. Sullivan was a tenant in a rental unit owned by Mr. Watson; Mr. Stroy served as the property manager. On December 22, 2020, Mr. Stroy filed a summary possession action against Ms. Sullivan in the Justice of the Peace Court to recover

---

[1] Ms. Sullivan submitted a binder full of documents as Pl. Ex. 1, and a packet of documents as Pl. Ex. 2.

possession of the unit as well as $1,500 in unpaid rent (the "First Lawsuit").[2] Mr. Stroy's evidentiary showing at trial was scant and, upon motion of Ms. Sullivan following his case-in-chief, the case was dismissed with prejudice.[3]

On July 28, 2021, Ms. Sullivan filed a debt action against Defendants in the Justice of the Peace Court (the "Second Lawsuit"), seeking to recover $25,000 for overpaid rent, unreturned security deposit, other damages relating to the rental unit (the "Rental Unit Claims") and for harm caused by the First Lawsuit (the "Tort Claims"). In a written decision after the trial dated December 15, 2021, the court dismissed the claims against Mr. Stroy, having found that he acted solely as an agent of Mr. Watson.[4] However, the court entered judgment in favor of Ms. Sullivan and against Mr. Watson in the amount of $13,057 for the Rental Unit Claims.[5] The court did not rule on Ms. Sullivan's Tort Claims, as it lacked jurisdiction over such claims.[6] On December 27, 2021, Mr. Watson appealed the judgment for a trial *de novo* in this Court. That action is currently pending.

---

[2] *Darrell Story v. Elizabeth Sullivan*, J.P. C.A. No. JP13-20-007160, Portante, J. (Apr. 15, 2021). At trial, Mr. Stroy represented that possession of the unit was no longer at issue, but he proceeded on his claim for unpaid rent. *Id.*

[3] *Id.* In its written order, the court found that Mr. Stroy "indeed failed to present the most basic of information necessary to meet his burden of proof." *Id.*

[4] *Id.* The Magistrate did not mask her disapproval of Defendants' conduct before the court, as well as their behavior in the First Lawsuit. Specifically, the court noted that their behavior "made it difficult...to believe in the veracity of any of his statements," and opined that "[t]he fact that Defendants had the audacity" to pursue the First Lawsuit "to further perpetuate his fraudulent shenanigans is outrageous conduct." *Id.*

[5] *Id.*

[6] The court construed the First Lawsuit-based claims as malicious prosecution, harassment, and special provisions. *Id.*

Shortly thereafter, on December 30, 2021, Ms. Sullivan filed the present action in the Court of Common Pleas, seeking to recover for slander, malicious prosecution, abuse of process, and harassment. Service was timely perfected upon both Defendants.[7] Mr. Watson promptly filed an Answer, but Mr. Stroy failed to file any responsive pleading; so, on April 1, 2022, Ms. Sullivan filed a Motion for Default Judgment as to Mr. Stroy. On June 6, 2022, this Court held a hearing on the Motion, at the conclusion of which this Court entered judgment against Mr. Stroy and scheduled the matter for a subsequent hearing to determine damages.

The inquisition hearing was held on March 17, 2023. At the hearing, Ms. Sullivan, the only party to appear, was asked to delineate the basis of her request for $25,000 against Mr. Stroy. She described the prior proceedings in the Justice of the Peace Court, emphasizing the court's dismissal of the First Lawsuit and the basis of damages awarded (and not awarded) in the Second Lawsuit. Although the Court made clear that the proceedings in the Justice of the Peace Court had no bearing on the issue of damages in this litigation, Ms. Sullivan continued to refer to the Second Lawsuit in justifying her request for damages.

Ms. Sullivan explained that in the Second Lawsuit, she was awarded a judgment against Mr. Watson in the amount of $13,000, but that she had asked for

---

[7] The service returns indicate that service of the summons and complaint was made upon Mr. Watson on January 6, 2022, and upon Mr. Stroy on March 3, 2022.

$25,000 against Mr. Stroy. She introduced into evidence her Bill of Particulars from the Second Lawsuit which, she suggested, itemized the basis of her claim for $25,000.[8] The Bill of Particulars itemizes $14,478.20[9] in damages related to the overpayment of rent, unreturned security deposit, moving expenses, and various other expenses related to Defendants' failure to maintain the rental unit.[10] It also particularized $10,521.80 for "malicious prosecution, harassment, and special provisions due to special needs minor was involved who is learning disabled."[11] She explained that she was not awarded the $25,000 in the Second Lawsuit because the magistrate "didn't realize" that Mr. Stroy's behavior required her to move, and because that court lacked jurisdiction over her malicious prosecution claim.

After reiterating that "everything I claim for damages is in my bill of particulars," Ms. Sullivan went on to request payment for all expenses accrued since she vacated the rental unit, including $6,200 for storage fees, mental hardship to herself and her son, and health problems that went unaddressed in the wake of the conflict with Defendants. At the conclusion of the hearing, Ms. Sullivan submitted binders of documents into evidence, and the Court reserved decision.

---

[8] The Bill of Particulars was admitted into evidence as part of Pl. Ex. 1.
[9] In the Bill of Particulars, Plaintiff variably lists the total amount owed for rental unit-related expenses as $14,478.20, $14,478.25, and $14,488.25. *Id.*
[10] *Id.*
[11] *Id.*

5

## DISCUSSION

Pursuant to Court of Common Pleas Civil Rule 55(b)(2), the Court may hold a hearing to "determine the amount of damages or, to establish the truth of any averment by evidence or to make an investigation of any other matter." Delaware law requires damages to be proven "with reasonable certainty,"[12] but does not call for mathematical precision in the calculation of damages "where a wrong has been proven and injury established."[13] "The quantum of proof required to establish the amount of damage is not as great as that required to establish the fact of damage."[14] At the same time, the court may not award damages based on "mere 'speculation or conjecture' where a plaintiff fails adequately to prove damages."[15]

### i. Damages as to the Rental Unit Claims

At the inquisition hearing, Ms. Sullivan implied that she was seeking to recover for claims decided by the Justice of the Peace in the Second Lawsuit (i.e., the Rental Unit Claims) as well as claims which were not decided due to jurisdictional limitations (i.e., the Tort Claims). Importantly, she did not raise the Rental Unit Claims in her complaint filed in this Court. The default judgment

---

[12] *Pharmathene, Inc. v. SIGA Tech., Inc.*, 2010 WL 4813553, at *11 (Del. Ch. Nov. 23, 2010).

[13] *Del. Express Shuttle v. Older*, 2002 WL 31458243, at *15 (Del. Ch. Oct. 23, 2002)(quoting *Red Sail Easter Ltd. Partners, L.P. v. Radio City Music Hall Productions, Inc.*, 1992 WL 251380, *7 (Del. Ch. Sept. 29, 1992)).

[14] *Total Care Physicians, P.A. v. O'Hara*, 2003 WL 21733023, at *3 (Del. Super. July 10, 2003).

[15] *Great Hill Equity Partners IV, LP v. SIG Growth Equity Fund I, LLLP*, 2020 WL 948513, at *23 (Del. Ch. Feb. 27, 2020)(quoting *Medicalgorithmics S.A. v. AMI Monitoring, Inc.*, 2016 WL 4401038, at *24 (Del. Ch. Aug. 18, 2016)).

entered against Mr. Stroy was limited to the allegations set forth in the complaint. Therefore, to the extent that Ms. Sullivan is seeking an award of damages against Mr. Stroy on the Rental Unit Claims, she is not entitled to damages on those claims. Moreover, even if she had asserted the Rental Unit Claims in her complaint, such claims would be barred by the doctrine of *res judicata*.[16]

The Court notes that this ruling does not preclude Ms. Sullivan from pursuing the Rental Unit Claims against Mr. Stroy in the *de novo* appeal currently pending in this Court.[17] Court of Common Pleas Civil Rule 72.3(f) provides that an appeal *de novo* "shall join the necessary parties and raise the same issues that were before the Court below." Since Mr. Stroy was a named defendant in the case below, Ms. Sullivan will have opportunity to pursue the Rental Unit Claims against him in the pending appeal.

### ii. *Damages as to the Tort Claims*

Ms. Sullivan's Tort Claims include (i) slander, (ii) malicious prosecution, (iii) abuse of process, and (iv) harassment. As an initial matter, the Court notes that

---

[16] Given that the Justice of the Peace Court entered a final, appealable order on the Rental Unit Claims, any effort to reassert those claims in a separate cause of action would be barred by the doctrine of *res judicata*. *See Carnevale v. Gaeger*, 2012 WL 3642721, at *2 (Del. Super. July 31, 2012)("*Res judicata* bars a claim where: (1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, here; (3) the cause of action is the same in both cases or the issues decided were the same; (4) the issues were decided adversely to the appellant; and (5) they were finally decided").

[17] *Watson v. Sullivan*, Del. CCP, C.A. No. CPU4-21-004447.

Delaware does not recognize a private civil cause of action for harassment.[18] Therefore, Ms. Sullivan cannot recover damages on her harassment claim.

As stated above, although damages need not be proven with certainty, they cannot rest on a foundation of speculation, and damages can be awarded only if injury is established.[19] Here, Ms. Sullivan failed to establish that she suffered damages as a result of any of the Tort Claims. She insisted that the Bill of Particulars "breaks down" the justification for her request for damages. Indeed, the Bill of Particulars itemizes the damages incurred relating to the Rental Unit Claims. However, such detail was lacking with regards to the Tort Claims—in fact, the only Tort Claims referenced in the Bill of Particulars are the malicious prosecution and harassment claims, for which Ms. Sullivan sought $10,521.80. The Bill of Particulars does not provide the critical link between the amount demanded and the harm sustained.

Further, the explanation Ms. Sullivan provided outside of the Bill of Particulars was insufficient to establish damages. She vaguely referenced hardships she and her son had suffered when litigation between the parties necessitated her moving out of the rental unit, including housing struggles, emotional challenges, and

---

[18] *Washington v. Talley*, 2017 WL 1201125, at *3 (Del. Com. Pl. Feb. 15, 2017). *See also McCambridge v. Bishop*, 2009 WL 3068915, at *3 (Del. Super. Sept. 23, 2009).
[19] *Great Hill Equity Partners IV*, 2020 WL 948513 at *23.

health issues.[20]  However, she never connected the dots between the harms she suffered and the causes of action she raised.  Simply put, Ms. Sullivan has not presented sufficient evidence to support an award of damages on her Tort Claims.

## CONCLUSION

For the reasons set forth above, the Court finds there is no basis to award damages against Defendant Darrell Story.

**IT IS SO ORDERED.**

_____
Robert H. Surles,
Judge

---

[20] Ms. Sullivan concluded that she "would like payment for all of my expenses, everything I've accrued since I've been out of that home."